# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 31, 2012

Lyle W. Cayce
Clerk

No. 11-51123
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS BERRONES-ZAVALA, also known as Jose Berrones, also known as Jose L. Barones, also known as Ociel Jaramillo-Macedo, also known as Osiel Jaramillo-Macedo, also known as Jose Barones, also known as Jose Berrones-Zavala,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-376-1

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Luis Berrones-Zavala (Berrones) appeals the 63-month sentence of imprisonment imposed following his guilty plea conviction of illegal reentry into the United States after deportation. He contends that his within-guidelines sentence was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and, thus, it was substantively unreasonable. Specifically,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51123

Berrones contends that the district court did not consider his young age and overemphasized his use of aliases and criminal history. Berrones also argues that this court should not afford his sentence a presumption of reasonableness because U.S.S.G. § 2L1.2 is not empirically based.

As Berrones concedes, his challenge to the presumption of reasonableness is foreclosed. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir. 2009). Here, the district court considered Berrones's arguments for a lower sentence and made an individualized sentencing decision based on the facts of the case in light of the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007). Berrones's sentence is presumed to be reasonable because it was within his guidelines range, and he has not shown sufficient reason for this court to disturb that presumption. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Thus, he has not shown error, plain or otherwise, with respect to the sentence imposed. *See Mondragon-Santiago*, 564 F.3d at 360-61.

AFFIRMED.